Michael Schumacher (#262403)
**RIGRODSKY & LONG, P.A.**
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

*Attorneys for Plaintiff*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN VANA, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS, INC., JEFFRY R. ALLEN, MICHAEL D. PERONE, WILLIAM JENKINS, JR., JOHN H. KISPERT, CHET KAPOOR, STEPHEN P. MULLANEY, PROJECT DEEP BLUE HOLDINGS, LLC, PROJECT DEEP BLUE MERGER CORP., and THOMA BRAVO, LLC,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>JURY TRIAL DEMANDED |

Plaintiff, by and through her attorneys, alleges upon personal knowledge as to herself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

## SUMMARY OF THE ACTION

1. This action stems from a proposed transaction announced on November 27, 2017 (the "Proposed Transaction"), pursuant to which Barracuda Networks, Inc. ("Barracuda" or the "Company") will be acquired by Project Deep Blue Holdings, LLC ("Parent") and Project Deep Blue Merger Corp. ("Merger Sub"), which are affiliates of private equity firm Thoma Bravo, LLC (together with Parent and Merger Sub, "Thoma Bravo").

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

2. On November 26, 2017, Barracuda's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent and Merger Sub. Pursuant to the terms of the Merger Agreement, shareholders of Barracuda will receive $27.55 in cash for each share of Barracuda they own.

3. On January 9, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Barracuda common stock.

9. Defendant Barracuda is a Delaware corporation and maintains its principal executive offices at 3175 S. Winchester Blvd., Campbell, California 95008. Barracuda's common stock is traded on the NYSE under the ticker symbol "CUDA."

10. Defendant Jeffry R. Allen ("Allen") is a director of Barracuda.

11. Defendant Michael D. Perone ("Perone") is a director of Barracuda. In June 2017, Perone resigned as Barracuda's Chief Marketing Officer.

12. Defendant William Jenkins, Jr. ("Jenkins") is a director, and the President and Chief Executive Officer ("CEO") of Barracuda.

13. Defendant John H. Kispert ("Kispert") is a director of Barracuda.

14. Defendant Chet Kapoor ("Kapoor") is a director of Barracuda.

15. Defendant Stephen P. Mullaney ("Mullaney") is a director of Barracuda.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Parent is a Delaware limited liability company and a party to the Merger Agreement.

18. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

19. Defendant Thoma Bravo LLC is a private equity investment firm and an affiliate of Parent and Merger Sub.

**CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Barracuda (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of November 22, 2017, there were approximately 53,603,606 shares of Barracuda common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout

the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. Barracuda designs and delivers security and data protection solutions, including cloud-enabled solutions that empower customers to address security threats, improve network performance, and protect and store their data. The Company's security platform helps customers simplify their IT operations and address their security needs. Barracuda's solutions are used worldwide by more than 150,000 organizations, from small- and mid-market businesses, governments and educational institutions, to departments or divisions within Fortune 2000 enterprises.

28. The Company's platform incorporates subscription-based security and data protection solutions that are connected to its cloud services, which enable continuous software updates, offsite redundancy, and distributed capacity. The solutions are delivered as cloud-enabled appliances and virtual appliances, as well as public cloud and Software-as-a-Service-based solutions. The Company's solutions are designed to fortify the security fabric across public, private, and hybrid cloud deployments and they can be centrally managed from a single pane of glass.

29. Barracuda's security solutions are designed to protect and optimize the performance of the most critical points within its customers' IT infrastructures, including Microsoft Office 365 environments, email servers, web applications, data centers, and core networks. The data protection solutions are designed to backup and archive business-critical data and make such data accessible for purposes such as compliance, disaster recovery, and business intelligence. The data protection solutions also allow users to securely and quickly access and sign files from Internet-connected devices. The Company's solutions can be managed centrally in any size or type of deployment through integrated, easy-to-use web interfaces that support configuration, monitoring and reporting.

30. On November 26, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement.

31. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Barracuda's shareholders, they will receive $27.55 in cash for each share of Barracuda stock they own.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

32. On January 9, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

34. The Proxy Statement omits material information regarding Barracuda's financial

projections and the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Morgan Stanley & Co. LLC ("Morgan Stanley").

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. Although the Proxy Statement provides stockholders with certain financial projections of Barracuda (the "Company Projections") and Sonian, Inc. ("Sonian"), which Barracuda acquired on November 8, 2017 (the "Sonian Projections") (collectively, the "Management Projections"), the Proxy Statement fails to disclose certain material projections that were relied upon by Morgan Stanley in performing its valuation analyses. For example, according to the Proxy Statement, in performing its Discounted Cash Flow Analysis, Morgan Stanley used the Company's unlevered free cash flow projections for years 2018 through 2027. The Proxy Statement, however, fails to, but must, disclose the full set of these unlevered free cash flows through 2027, as well as their line items.

37. Further, the Proxy Statement only discloses the Sonian Projections of total revenue, non-GAAP gross profit, and non-GAAP operating income for years 2018 through 2021, but fails to disclose the projections of those metrics through year 2027, and fails to disclose the Sonian Projections of gross billings, Adjusted EBITDA, and unlevered free cash flows for years 2018 through 2027.

38. Additionally, the Proxy Statement discloses certain projections for non-GAAP (generally accepted accounting principles) metrics, including non-GAAP gross profits, non-GAAP operating income, adjusted EBITDA, historical adjusted EBITDA, and adjusted free cash

6
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

flow, but it fails to provide stockholders with the necessary line item projections for the metrics used to calculate these non-GAAP measures or otherwise reconcile the non-GAAP projections to the most comparable GAAP measures.

39. To avoid misleading stockholders with non-GAAP financial measures in business combinations such as the Proposed Transaction, publicly traded companies must provide a reconciliation of the differences between the non-GAAP financial measures with the most comparable financial measures calculated and presented in accordance with GAAP. Indeed, defendants acknowledge in the Proxy Statement that "[t]he non-GAAP financial measures are not meant to be considered in isolation or as a substitute for comparable GAAP measures[.]" As such, stockholders are entitled to the line item projections used to calculate the Company's non-GAAP projections or a reconciliation of the non-GAAP projections to the most comparable GAAP measures.

40. With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the full set of unlevered free cash flows for years 2018 through 2027 used by Morgan Stanley and the line items thereto, including EBITDA, stock-based compensation expense, cash taxes, changes in net working capital, and capital expenditures; (ii) the specific inputs and assumptions underlying the discount rate range of 9.1% to 11.1% used by Morgan Stanley in its analysis; and (iii) the terminal exit multiples implied by Morgan Stanley's analysis.

41. With respect to Morgan Stanley's Discounted Equity Value Analysis, the Proxy Statement fails to disclose: (i) the specific inputs and assumptions underlying the discount rate of 10.1% used by Morgan Stanley in its analysis; (ii) Morgan Stanley's basis for selecting the EBITDA multiple range of 10.0x to 16.0x; and (iii) the perpetuity growth rate implied by Morgan Stanley's analysis.

42. With respect to Morgan Stanley's Precedent Multiples Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the

transactions observed by Morgan Stanley in its analysis.

43. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Fairness Opinion of Morgan Stanley & Co. LLC; and (ii) Management Projections.

44. The Proxy Statement omits material information relating to potential conflicts of interest of Morgan Stanley. Due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives, stockholders are entitled to the full disclosure of investment banker compensation and all potential conflicts of interest.

45. The Proxy Statement states that "Morgan Stanley, as a full-service investment bank, also currently provides financial advisory and/or financing services to Thoma Bravo and the Thoma Bravo Related Entities, in each case unrelated to the Merger, for which Morgan Stanley expects to receive customary fees if such transactions are completed." In light of the Morgan Stanley's simultaneous engagement by Barracuda and Thoma Bravo, defendants must fully disclose the precise nature of the current engagement by Thoma Bravo and its related entities, including the timing of the engagement, the scope and terms of the engagement, and the amount of compensation that Morgan Stanley is expected to earn in connection with the engagement.

46. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Fairness Opinion of Morgan Stanley & Co. LLC.

47. The Proxy Statement omits material information regarding potential conflicts of interest of the Company's management and directors.

48. Specifically, the Proxy Statement indicates that, on December 21 2017, the Board met and reviewed and provided comments on the content of the Proxy Statement. And "[a]s part of the review, the members of the Board of Directors discussed in more detail the interactions of members of management and the Board of Directors with Thoma Bravo, some of which had not been discussed at prior board meetings." Despite this statement, the Proxy Statement states that

8
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

"these interactions did not affect the negotiation of the transaction," and indicates elsewhere that the Company's executive officers have not had discussions or entered into agreements regarding employment with Thoma Bravo.

49. The Proxy Statement must fully disclose the nature, timing, and substance of these interactions among Company management and Board members with Thoma Bravo, including whether potential post-merger employment or directorship was discussed. Communications regarding continued employment or directorships during the negotiation of the underlying Proposed Transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

50. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Interests of Barracuda's Directors and Executive Officers in the Merger.

51. The Proxy Statement omits material information relating to the background leading to the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

52. The Proxy Statement indicates that several strategic and financial parties expressed an interest and submitted offers for a transaction with the Company. The Proxy Statement, however, fails to disclose whether the Company entered into confidentiality agreements with those parties (as is typical), and, if so, the terms of those confidentiality agreements, including whether they contain standstill and/or "don't ask, don't waive" provisions that are or were preventing those parties from submitting superior offers to acquire the Company.

53. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Recommendation of the Board of Directors and Reasons for the Merger.

54. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Barracuda's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Barracuda**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Barracuda is liable as the issuer of these statements.

57. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

58. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

59. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

60. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

61. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

62. Because of the false and misleading statements in the Proxy Statement, plaintiff

and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Thoma Bravo

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants and Thoma Bravo acted as controlling persons of Barracuda within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Barracuda and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

65. Each of the Individual Defendants and Thoma Bravo was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

66. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

67. Thoma Bravo also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

68. By virtue of the foregoing, the Individual Defendants and Thoma Bravo violated Section 20(a) of the 1934 Act.

69. As set forth above, the Individual Defendants and Thoma Bravo had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

12
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Dated: January 12, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Michael Schumacher*
Michael Schumacher (#262403)
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

Brian D. Long
Gina M. Serra
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Emails: bdl@rl-legal.com
gms@rl-legal.com

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934